```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ALBUS DENIZCILIK LTD STI,

        Plaintiff                            **NOT FOR PUBLICATION**

   -against-                        **ORDER ADOPTING IN PART AND SUPPLEMENTING IN PART JUDGE GOLD'S ORDER DATED JANUARY 28, 2016**

PROGRESS BULK CARRIERS LTD,

        Defendant.                     15-CV-1256 (KAM)(SMJ)

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

        Plaintiff Albus Denizcilik Ltd. ("plaintiff" or "Albus"), a business entity organized under the laws of Turkey, commenced this action in admiralty and maritime against Progress Bulk Carriers Ltd. ("defendant" or "PBC"), believed to be organized under the laws of the Bahamas, pursuant to 28 U.S.C. § 1333, Federal Rule of Civil Procedure 9(h), and Rule B of the Supplemental Rules for Admiralty and Maritime Claims ("Rule B").  Plaintiff seeks, *inter alia*, to obtain jurisdiction over defendant and to secure its claims arising from a final and binding arbitration award against defendant dated January 31, 2014, through the attachment of property located in this district, allegedly in the possession of non-party garnishee Medbrokerage & Management Corp., and/or its president Ibrahim Mazman ("Mazman") (collectively "Medbrokerage"), and entry of judgment against defendant in

the amount of approximately $769,000, plus interest, costs and attorneys' fees. (*See* Verified Complaint ("Compl.") at 5-6.)

Presently before the court are Medbrokerage's objections to Judge Gold's January 28, 2016 Order (the "Order") denying Medbrokerage's motion to vacate the Rule B Attachment, and denying its motion to quash plaintiff's subpoena seeking further discovery regarding the existence of property belonging to defendant in Medbrokerage's possession. The court has undertaken a comprehensive *de novo* review of the Order and the record in light of Medbrokerage's written objections pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the court adopts and supplements Judge Gold's Order, denies Medbrokerage's objections, and directs the parties to continue with discovery in accordance with Judge Gold's orders.

**BACKGROUND**

Upon plaintiff's verified complaint, application for an order of attachment, and related documents, this court executed an Order of Issuance of Process of Maritime Attachment and Garnishment on April 27, 2015. (*See* ECF No. 13, Order for Issuance of Process of Maritime Attachment and Garnishment (the "Attachment").) Medbrokerage was served with

process, the Attachment and related documents, and interrogatories pursuant to Rule B on or about May 8, 2015. (*See* ECF No. 14-15, Affidavits of Service.)

On October 1, 2015, Judge Gold, to whom this case was jointly assigned for pretrial supervision, ordered that discovery proceed, overruling objections by defendant and Medbrokerage. (*See* ECF No. 18, Minute Entry for Telephone Conference Held on 10/1/2015 before Chief Magistrate Judge Steven M. Gold.) The parties did not seek review of the October 1, 2015 Order. Instead, Medbrokerage moved to vacate the Attachment and quash plaintiff's subpoena to Medbrokerage on November 30, 2015. (ECF No. 21, Motion to Vacate Attachment and Quash Subpoena.) The motion was fully submitted on December 21, 2015, and Judge Gold heard oral argument on January 28, 2016.

On January 28, 2016, after hearing oral argument by the parties, Judge Gold issued an Order denying Medbrokerage's motion and instructing the parties and Medbrokerage to continue with discovery, including compliance with plaintiff's subpoena to Medbrokerage.[1] (*See* ECF No. 28, Order denying

---

[1] During oral argument on Medbrokerage's motion before Judge Gold on January 28, 2016, Judge Gold denied Medbrokerage's motion to vacate the Rule B Attachment and to quash plaintiff's subpoena "for reasons stated on

3

Medbrokerage's motion for reasons stated on the record; ECF No. 29, Transcript of Proceedings Held on January 28, 2016 before Judge Gold, at 13.) Medbrokerage has timely objected to Judge Gold's Order.

**STANDARD OF REVIEW**

**I. Review of Magistrate Judge Order**

Under 28 U.S.C. § 636, a district judge may designate a magistrate judge to hear and determine issues that arise before trial. A party may object within fourteen days to the magistrate judge's proposed findings and recommendations, in which case a district judge "shall make a de novo determination of those portions of the report of specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon such *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations

---

the record." For purposes of its objections, Medbrokerage has requested that this court regard the transcript of the January 28, 2016 hearing as a Report and Recommendation by Judge Gold, based on Medbrokerage's view that its motion to vacate is dispositive. (*See* ECF No. 31, Appeal of Magistrate Judge Decision to District Court by Medbrokerage & Management Corporation ("Medbrokerage Appeal"), at 1 n.1.) Although the court disagrees that Medbrokerage's motions to vacate the Attachment and quash the subpoena are themselves dispositive, and notes that only a court's decision to vacate the Attachment would be dispositive, the court will apply a *de novo* standard of review, given Medbrokerage's timely objections. *See* 28 U.S.C. § 636(b)(1)(C).

4

made by the magistrate judge." *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 142 (1985) ("[A]ny party that disagrees with the magistrate judge's recommendations may serve and file written objections to the magistrate's report, and thus obtain *de novo* review by the district judge.") (internal quotation marks omitted).

Matters concerning discovery are generally considered to be "non-dispositive." *See, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). With respect to non-dispositive issues, a district judge may reconsider any issue where it has been shown that the magistrate judge's order is "clearly erroneous" or "contrary to law." *See American Home Assur. Co. v. Masters' Ships Mgmt. S.A.*, No. 03-cv-0618, 2004 WL 1161223, at *2 (S.D.N.Y. May 24, 2004) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)); *see also* 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order "is clearly erroneous if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *American Home*, 2004 WL 1161223, at *2 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 305 (1948)).

## II. Underlying Dispute

The underlying dispute in the instant case centers on whether Medbrokerage possesses property belonging to defendant in this district, as required by Rule B. *See* Supplemental Rule B(1); *see also Blueye Navigation, Inc. v. Oltenia Navigation, Inc. et. al.*, No. 94-cv-1500, 1995 WL 66654, at *4 (S.D.N.Y. February 17, 1995)("[T]he caselaw, the authorities, and basic logic demonstrate that no *quasi in rem* jurisdiction under Rule B can exist without some *res* to be attached. In fact, for Rule B attachment to be appropriate, it is clear that the property must be located within the district and the property must belong to the defendant."). Medbrokerage and its president, Mr. Mazman, argue in support of their motion to vacate the Attachment and quash the subpoena, that because their sworn interrogatory responses to a single interrogatory stated that they do "not hold any property belonging to defendants," there is no property to attach and this court therefore lacks jurisdiction. (*See* Medbrokerage Appeal at 4, 7.)

Plaintiff's opposition to Medbrokerage's motions included declarations and exhibits that raised questions of fact regarding whether Medbrokerage held property belonging to

defendant in this district, provided strong support for plaintiff's request for further discovery regarding the nature of Medbrokerage's relationship to the defendant, and a reasonable basis to question Medbrokerage's singular denials that it did not hold defendant's property in this district. Specifically, plaintiff submitted the affirmation of Medbrokerage's president, Mr. Mazman, in an unrelated proceeding, that Medbrokerage is defendant's exclusive worldwide broker and manages all aspects of defendant's global charters including, but not limited to, bookings, bills of lading, receipt of freight payments, collections, claims handling, paying suppliers, and participating in dispute resolution. (*See* ECF No. 26, Affidavit/Declaration of Samittin Esiroglu in Opposition to Motion to Vacate Attachment and Quash Subpoena, Ex. 1-4.)

## **DISCUSSION**

Upon review of Judge Gold's Order, as well as a comprehensive *de novo* review of the record including the verified complaint, the application for an order of attachment, and the instant objections and responses to the Order, the court finds that Judge Gold properly exercised his authority to supervise discovery and impose discovery orders

as needed to ensure the progress of the action, and that the Order was an appropriate exercise of this authority in all respects.

   I.   **Medbrokerage's Objections**

Medbrokerage poses six objections to the Order. First, Medbrokerage argues that the Order does not appropriately address the motion to vacate the Attachment, which Medbrokerage argues is dispositive.[2] Second, Medbrokerage argues that the Attachment should have been vacated immediately following the responses by Medbrokerage and Mazman to Interrogatory No. 1 of plaintiff's interrogatories, which denied that they held "any property belonging to defendant PBC as described in this interrogatory." Both Medbrokerage and Mazman answered only the foregoing interrogatory, but repeatedly objected to all of plaintiff's remaining interrogatories on grounds that they exceeded "that which is required under Rule B(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims." Third, Medbrokerage argues that the Order improperly placed the

---

[2] As discussed above, the court respectfully rejects Medbrokerage's assertion that its motion to vacate is, itself, dispositive. Although a decision to vacate the Attachment would be dispositive, the same cannot be said either as to a court's decision to deny vacatur or Medbrokerage's motion.

8

burden on Medbrokerage to prove that it does not possess defendant's property. Fourth, in a seemingly contradictory position to its third objection, Medbrokerage argues that the Order mistakenly concluded that plaintiff satisfied this burden. Fifth, Medbrokerage argues that the Order misapplies Rule B, which in its view, prohibits plaintiff's subpoena or any other discovery beyond interrogatories. Finally, Medbrokerage argues that the Order improperly refused to consider staying discovery.[3] (*See* Medbrokerage Appeal, at 1-2.)

**II. Analysis**

Based on the court's *de novo* consideration of the Order, the applicable law, the underlying pleadings and factual record, and the instant motions, the court respectfully denies Medbrokerage's objections and affirms the January 28, 2016 Order of Judge Gold in its entirety.

As discussed above, if a maritime defendant is not found in the district when a complaint is filed, Rule B authorizes the attachment of a defendant's tangible and

---

[3] With respect to Medbrokerage's objection regarding the denial of their request to stay discovery, the court finds that this objection is moot in light of Judge Gold's March 10, 2016 Order adjourning discovery pending resolution of the instant appeal. (*See* Order dated 3/10/16.)

9

intangible property located within the district. *See Shipping Corp. of India Ltd. V. Jaldhi Overseas Pte Ltd.,* 585 F.3d 58, 66 (2d Cir. 2009). Tangible and intangible property that a garnishee may hold for a defendant includes, but is not limited to, "debts, credits, or effects of the defendant." Supplemental Rule B(3)(A). Here, plaintiff has provided more than sufficient evidence to support its position that Medbrokerage possesses tangible or intangible property in this district belonging to defendant, and has established that further discovery is warranted beyond the singular interrogatory responses by Medbrokerage and Mazman denying that they hold defendant's property. Indeed, Medbrokerage's own president has affirmed under penalty of perjury that Medbrokerage manages all of defendant's global operations, including but not limited to bookings, billing, receipt of payments and collections, all of which fall within Rule B's reach. (*See* ECF No. 26, Affidavit/Declaration in Opposition re Motion to Vacate Attachment and Quash Subpoena.) Accordingly, the court finds that Medbrokerage's responses to the plaintiff's interrogatories are inadequate, that Medbrokerage improperly and repeatedly invoked an objection in lieu of an answer, and that it must answer the interrogatories

under the supervision of Judge Gold.

Although Medbrokerage seeks an order quashing plaintiff's subpoena and limiting discovery to its response to plaintiff's interrogatories, Medbrokerage nonetheless acknowledges, as it must, that Rule B provides that "interrogatories to the garnishee may be served with the complaint without leave of court." Supplemental Rule B(3)(a). This provision of Rule B, however, cannot be read to limit discovery from a garnishee to interrogatories, as Medbrokerage contends. Instead, the court finds that the unique feature of Rule B with respect to interrogatories is that the rule permits the expedited service of interrogatories on a non-party garnishee at the time of service of the verified complaint and other process, without leave of court. In contrast, Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"), generally provides that discovery in federal civil actions may not be sought by a party until after a Rule 26(f) conference, the setting of a discovery schedule, and the exchange of Rule 26(a) initial disclosures. *See* Fed. R. Civ. P. 26(a), (d), (f).

Moreover, although Rule 33 of the Federal Rules of Civil Procedure explicitly limits the utilization of

interrogatories to parties, Rule B allows interrogatories to be served on a non-party garnishee. *See* Fed. R. Civ. P. 33. Furthermore, the Supplemental Admiralty Rules allow for the application of the Federal Rules of Civil Procedure, including the deployment of the full range of discovery devices, except to the extent inconsistent with the Supplemental Rules. *See* Supplemental Rule A. Neither Rule B nor any other Supplemental Rule precludes further discovery of a garnishee beyond interrogatories.

Thus, contrary to Medbrokerage's unsupported argument that Rule B(3)(a) limits discovery of a garnishee to interrogatories, the court agrees with Judge Gold that Rule B does not preclude further discovery necessary to inform a determination whether a challenged attachment is proper. Judge Gold properly denied Medbrokerage's motion to vacate the Attachment and to quash plaintiff's subpoena, because further discovery will likely yield clarifying information regarding the dispute as to whether Medbrokerage possesses property belonging to defendant, and consequently, whether jurisdiction is proper. Furthermore, the court finds that Judge Gold's Order appropriately acknowledged that plaintiff carries the burden of proof by allowing plaintiff to obtain relevant

12

discovery from Medbrokerage regarding its relationship to the defendant, which is necessary to resolving the disputed issue of fact regarding whether Medbrokerage holds property belonging to defendant.[4]  Thus, Plaintiff may appropriately utilize a subpoena to obtain documentary and testimonial evidence from Medbrokerage.  The court rules that the motion to quash the subpoena is denied and that Medbrokerage shall comply with the subpoena under the authority of Judge Gold.

In light of the above analysis, the court, fully concurring with Judge Gold in all material respects, hereby affirms and supplements the rationale articulated in the January 28, 2016 Order.  Specifically, the court agrees that plaintiff is entitled to further discovery of the circumstances under which Medbrokerage appears to hold the defendant's tangible or intangible property in this district, and rules that Medbrokerage must supplement its interrogatory

---

[4] The court notes that Medbrokerage has not offered any evidence in support of its argument that plaintiff's interrogatories or subpoena are unduly burdensome, nor has Medbrokerage offered any argument or evidence to counter plaintiff's declaration establishing that the documents at issue amount to 700 charter agreements and related documents. (*See* ECF No. 26, Affidavit/Declaration of Samittin Esiroglu in Opposition to Motion to Vacate Attachment and Quash Subpoena, Ex. 1, ¶ 5.)  The court finds that Medbrokerage's review and production of those agreements and related documents concerning accounts receivable, billings, receipt of payments, transfers of funds, and the like, that were negotiated and/or managed by Medbrokerage on behalf of PBC will not present an undue burden on Medbrokerage.

responses and comply with plaintiff's subpoena.

## **CONCLUSION**

For the reasons set forth above and upon this court's *de novo* review, Judge Gold's well-reasoned Order is affirmed, and Medbrokerage's objections to the Order are denied. Medbrokerage's motion to vacate the Rule B Attachment and to quash plaintiff's subpoena is denied, and the parties shall continue with discovery in accordance with the schedules and order of Judge Gold.

**SO ORDERED.**

Dated:    January 3, 2017
           Brooklyn, New York

                                          /s/
                                KIYO A. MATSUMOTO
                                United States District Judge
                                Eastern District of New York